FILED

SEP 23 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Melvin O. Hucks, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1766 |
| | ) | |
| Central Detention Facility | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts which bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12 (h)(3).

Plaintiff is a prisoner confined in the District of Columbia. He sues for "medical negligence," alleging that medical staff at the D.C. Jail prescribed medicine that "nearly cost me my life." Complaint at 1. He seeks $5 million in damages. Plaintiff has not pleaded any facts to bring his claim within the Court's "federal question" jurisdiction, and the complaint

does not state a basis for diversity jurisdiction. Plaintiff's recourse lies, if at all, in the Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum.

Date: 9/21/05

_____
United States District Judge